## PROCEEDINGS IN ERROR TO THE FINDINGS OF A REFEREE.

Court of Appeals for Hamilton County.

JOHN BRYAN v. D. DeMOTT WOODMANSEE.*

Decided, February 28, 1916.

*Bill of Exceptions—Embodying Proceedings Before a Referee—How a Review May be Had—Effect of Striking Bill from the Files.*

1. In order to review the findings of a referee on the evidence, a motion for a new trial must be filed and when overruled a bill of exceptions prepared and filed with the referee for his allowance and signature thereto, and a motion lies to strike from the files a bill of exceptions purporting to embody proceedings before a referee but in no way authenticated by him or by the judge of the court in which the referee was appointed.

2. The fact that the granting of such a motion leaves no bill of exceptions before the court does not authorize a dismissal of the petition in error, but the record as it stands, with the bill of exceptions excluded, showing no substantial error, the judgment will be affirmed.

*Keifer & Keifer* and *Hosea & Knight,* for plaintiff in error.
*Chas. W. Baker* and *W. R. Collins,* contra.

JONES (Oliver B.), J.

Each of the two actions which were consolidated into one before trial in the superior court, was brought for an accounting between the parties as to sundry transactions in which Bryan had furnished to Woodmansee sums of money from time to time to be invested for his benefit. Certain investments had been made by Woodmansee, and money had been repaid by him on account of principal and of interest or income, and he claimed to have fully accounted to Bryan, and offered to convey and transfer to him certain real estate, notes and other property still in his hands resulting from said investments. Bryan however refused to accept said property and insisted that Wood-

---

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, June 6, 1916.

mansee's account was not true and complete and that he should
be held for all money received together with interest thereon;
that he had guaranteed all investments made by him and should
himself stand for and make good all losses that had occurred, and
that he should be allowed no fees for any services rendered.

After the cases were consolidated and ordered to proceed
under the case in which Bryan was plaintiff and Woodmansee
defendant, and the issues had been made between the parties,
on February 28, 1913, a receiver was appointed to take charge
of certain property and securities and the case was referred to a
referee to hear the testimony and report separate findings of
fact and law.

The cause was duly heard by the referee, who filed his report
April 13, 1914, finding on the facts that there was nothing due
from Woodmansee to Bryan, but that allowing him reasonable
attorney's fees for services rendered, his credits would be $1,000
in excess of all proper charges against him, for which excess no
judgment was prayed; and that as a matter of law, all possible
claims in favor of Bryan were barred by the statute of limita-
tions; and that the costs should be equally divided between the
parties.

April 14, 1914, defendant filed a motion to confirm the report
of the referee, and for judgment. April 17, 1914, plaintiff filed
a motion to set aside the report of the referee. March 12, 1915,
the report of the referee was confirmed, except that all costs
were taxed against plaintiff, and judgment was entered for
defendant.

April 19, 1915, a bill of exceptions was filed by plaintiff, in the
court, which was allowed and signed by Judge Pugh. It ap-
pears to contain testimony and other evidence in the form of
numerous exhibits; had before the referee, but it is not signed
or in any way authenticated or certified to by him, nor is the
certificate of Judge Pugh to that effect; nor does it show that
any of the evidence was directly heard in court before him.

Error proceedings are prosecuted here from the judgment of
the superior court. The matter comes before this court now (1)
on a motion of defendant in error to strike the bill of exceptions

from the files, and (2) on a motion to dismiss the petition in error.

(1) A trial before a referee proceeds as before a court, and his decision "may be excepted to and reviewed as in a trial by the court." G. C., 11479. To review the findings of the referee on the evidence it is therefore necessary to file a motion for a new trial with such referee, and upon its being overruled, to prepare and file with the referee a bill of exceptions and secure his allowance and signature thereto. *Guthrie* v. *Augusta Milling Co.*, 17 C. C., 257; *Woodward* v. *Brockell*, 21 C.C.(N.S.), 223, and cases cited.

It is contended, however, by counsel for plaintiff in error, that the referee in this case was without power because he was not appointed under G. C. 11475 by consent of the parties, but under G. C. 11476 by the court alone without the consent of the parties; that the action being for the recovery of money, was one in which plaintiff was entitled to a trial by jury, therefore the court had no power to appoint a referee without consent of parties.

The entries referring the case are as follows: -

February 28, 1913:

"And upon application and consent of parties and to expedite the hearing and disposition of the cause, the case is referred to William P. Rogers, as referee to take the testimony of parties and witnesses and to receive and consider in addition thereto any depositions of non-resident witnesses that have been or may be taken by the parties in the usual form upon due notice, and upon completion of the evidence and arguments submitted, to return all the evidence so taken and received, to the court with separate findings of law and fact thereon, for final disposition by the court.

"Consent: John Bryan by Hosea & Knight, Attys."

May 10, 1913:

"The court on its own motion hereby appoints William P. Rogers as referee herein, who was duly sworn and qualified to hear testimony and report the testimony and his findings of fact and law to this court, together with all other matters and things

in question or pertaining to this cause with all convenient speed; said referee is hereby granted authority and power to compel the attendance of witnesses and the production of such documents as may be necessary to carry out the purpose of this order.''

It will be observed that there is no practical difference in the orders so far as the powers or duties of the referee are concerned. ·The first order not only recites the consent of the parties, but also has the written consent of plaintiff. This is not in any way withdrawn, nor does the later entry revoke or cancel the former one, and as both entries were permitted to stand, it is probable that the later entry was made only for the purpose of showing the fact of the referee's acceptance and qualification. Then, too, the action as framed was one invoking the equity powers of the court, both parties praying for an accounting, and was triable to a court and not to a jury. Plaintiff made no demand for a jury and took no exception to the appointment of a referee, but appeared and proceeded to trial before him without objection.

It is also urged on behalf of plaintiff in error that while Mr. Rogers was called a referee he was in fact a special master commissioner, and that therefore it was proper in this case to take the bill of exceptions before the court instead of before the referee. The difference between the powers of a referee and a master commissioner is set out in the statute and is adverted to in the cases above cited, and is discussed by the General Term of the Superior Court in *Williams* v. *Stevens*, 1 C. S. C. R., 176. There is no question but that the appointment made in this case was that of a referee and not a master commissioner. This was recognized too late by counsel for plaintiff when on May 7, 1914, they filed the following motion to re-refer to the referee conditionally:

''Now comes the plaintiff and pending the consideration by the court of the motion to reject the report of the referee in this cause, and, conditional upon the overruling of said motion, in whole or in part. moves the court as follows:

''*First*, that, in the event of said motion to reject, being overruled in whole or in part, the court re-refer the said report to

the referee to enable the plaintiff to make a motion for a new trial before said referee and to enable the plaintiff to make exceptions and prepare a bill of exceptions and have the same signed according to law by said referee.

"*Second*, and the plaintiff asks that said referee, in the event of a motion for new trial being made, and exceptions having been taken and settled as indicated as above, return said report with said motion and bill of exceptions duly signed to this court for further action.

"(Signed) John Bryan, plaintiff, by KEIFER & KEIFER,
"HOSEA & KNIGHT,
"*His Attys.*"

The motion to strike the bill of exceptions from the files is therefore granted.

(2)   The fact that this leaves no bill of exceptions before the court, however, does not authorize the court to dismiss the petition in error, and the motion to dismiss is overruled.

But the entire record, with the bill of exceptions excluded, fails to show any substantial error to the prejudice of plaintiff, and the judgment is therefore affirmed.

JONES (E. H.), P. J., and GORMAN, J., concur.